# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. BRYSON, JR., | CASE NO. 1:11-cv-01496-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AMEND |
| v. | (ECF No. 6.) |
| H. A. RIOS, JR., et al., | |
| Defendants. | |

Plaintiff William M. Bryson, Jr. ("Plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. This action was filed on September 7, 2011, and on October 24, 2011, Plaintiff filed a motion to amend the complaint. (ECF Nos. 1, 6.) Plaintiff moves to have some of his claims deleted from the complaint.

Plaintiff cannot amend the original complaint simply by attaching documents to it. Local Rule 220. Therefore, to amend the complaint, Plaintiff must submit a first amended complaint which is complete in itself. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has not been served and Plaintiff has not previously amended his complaint. Therefore, Plaintiff may file an amended complaint without leave of the Court.

1    If Plaintiff chooses to file an amended complaint, he is advised that his amended complaint
2 should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the
3 deprivation of Plaintiff's constitutional or other federal rights, <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937,
4 1948-49 (2009).  "The inquiry into causation must be individualized and focus on the duties and
5 responsibilities of each individual defendant whose acts or omissions are alleged to have caused a
6 constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted
7 as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
8 level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007) (citations omitted).  Finally,
9 an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467,
10 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in
11 itself without reference to the prior or superceded pleading," Local Rule 220.
12    Accordingly, it is HEREBY ORDERED that Plaintiff's motion to amend the complaint, filed
13 October 24, 2011, is DENIED.
14    IT IS SO ORDERED.
15   Dated:   **October 25, 2011**              /s/ **Barbara A. McAuliffe**
                                               UNITED STATES MAGISTRATE JUDGE