# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. BRYSON, JR., | 1:11-cv-01496-BAM (PC) |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | (ECF No. 1) |
| H. A. RIOS, JR., et al., | |
| Defendants. | |

Plaintiff William M. Bryson, Jr. ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. Pursuant to 28 U.S.C. § 636(c)(1), Plaintiff has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

Plaintiff filed the instant action on September 7, 2011, and names Warden Rios of the United States Penitentiary-Atwater, the United States Department of Justice and Federal Bureau of Prisons, and the United States Attorney of the District of South Carolina. By this action, Plaintiff purports to seek return of his property and the release of his sentencing information pursuant to the Freedom of Information Act ("FOIA") and the Administrative Procedures Act ("APA"). Plaintiff essentially seeks these documents to challenge his sentencing, and he expressly requests that the Court enter an order directing Defendant Warden Rios to file a motion for reduction of Plaintiff's sentence, unless Warden Rios certifies that Plaintiff received the benefit of "Amendment 634 at his 23 May 2002 sentencing trial." (ECF No. 1, p. 11.) Plaintiff

contends that he was not sentenced pursuant to law and that Defendants are not ensuring that his term of incarceration, assessment of fees and his restitution are pursuant to sentencing law.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988); <u>Thompson v. Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, *only the sentencing court has jurisdiction*.  <u>Tripati</u>, 843 F.2d at 1163.

As Plaintiff appears to be challenging the validity and constitutionality of his sentence, the appropriate procedure would be to file a motion pursuant to § 2255 with the sentencing court, not a civil action pursuant to FOIA or the APA.  While not entirely clear, it appears from Plaintiff's complaint that he was sentenced in the United States District Court of South Carolina, and thus this Court lacks jurisdiction to consider any challenge to his sentence.  (ECF No. 1, p. 11.)

Accordingly, it is HEREBY ORDERED as follows:

1. This action is DISMISSED without prejudice; and
2. The Clerk of the Court is directed to enter judgment, terminating this action.

IT IS SO ORDERED.

Dated:   **April 1, 2013**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE